

**NORTHERN DISTRICT OF TEXAS**
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature: Harlin DeWayne Hale]*

Signed February 11, 2008                                  **United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| VARTEC TELECOM, INC. | § | Case No. 04-81694 HDH-7 |
| EXCEL COMMUNICATIONS | § | Case No. 04-81695 HDH 7 |
| MARKETING, INC. | § | |
| EXCEL MANAGEMENT SERVICE, INC. | § | Case No. 04-81696 HDH-7 |
| EXCEL PRODUCTS, INC. | § | Case No. 04-81697 HDH-7 |
| EXCEL TELECOMMUNICATIONS, INC. | § | Case No. 04-81698 HDH-7 |
| EXCEL TELESERVICES, INC. | § | Case No. 04-81699 HDH-7 |
| EXCEL TELECOMMUNICATIONS | § | Case No. 04-81700 HDH-7 |
| OF VIRGINIA, INC. | § | |
| EXCELCOM, INC. | § | Case No. 04-81701 HDH-7 |
| TELCO NETWORK SERVICES, INC. | § | Case No. 04-81702 HDH-7 |
| VARTEC BUSINESS TRUST | § | Case No. 04-81703 HDH-7 |
| TELCO COMMUNICATIONS | § | Case No. 04-81704 HDH-7 |
| GROUP, INC. | § | |
| VARTEC RESOURCES SERVICES, INC. | § | Case No. 04-81705 HDH-7 |
| VARTEC SOLUTIONS, INC. | § | Case No. 04-81706 HDH-7 |
| VARTEC TELECOM INTERNATIONAL | § | Case No. 04-81707 HDH-7 |
| HOLDING COMPANY | § | |
| VARTEC PROPERTIES, INC. | § | Case No. 04-81708 HDH-7 |
| VARTEC TELECOM OF VIRGINIA, INC. | § | Case No. 04-81709 HDH-7 |
| VARTEC TELECOM HOLDING | § | Case No. 04-81710 HDH-7 |
| COMPANY, | § | |
| | § | **Jointly Administered Under** |
| Debtors. | § | **Case No. 04-81694 HDH-7** |

**Findings of Fact and Conclusions of Law- Page 1**

| | |
|---|---|
| **JEFFREY H. MIMS** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Adversary No. 07-3157 |
| § | |
| **ADVENT COMMUNICATIONS** § | |
| **CORPORATION** § | |
| § | |
| **Defendant.** § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On January 30, 2008, this Court conducted a trial on the above referenced adversary proceeding. In the Complaint, the Trustee asserts that during the ninety-day period preceding November 1, 2004 (the "Petition Date"), one or more of the VarTec Debtors transferred funds in the aggregate amount of $35,000.00 to the Defendant. The Trustee alleges that the transferred funds constitute preferential transfers pursuant to Bankruptcy Code § 547(b).

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) & (O). The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:

### Findings of Fact

1. The Court adopts the parties stipulated facts in the Joint Pretrial Order entered in this proceeding.

   **Preference Claim Findings**

2. During the ninety-day period preceding the Petition Date, one or more of the VarTec Debtors

transferred funds in the aggregate amount of $35,000.00 to the Defendant.

3. The transfer of $30,000.00 of those funds was on account of antecedent debts.

4. This transfer was a transfer of interests of one or more of the VarTec Debtors made to or for the benefit of the Defendant.

5. The transfer was made while the VarTec Debtors were insolvent.

6. The transfer enabled the Defendant to receive more than the Defendant would receive if (I) the cases were cases under chapter 7 of the Bankruptcy Code (which they now are); (ii) the transfer had not been made; and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

**Ordinary Course Defense Findings**

7. The Defendant's principal, Dr. Jolly, credibly testified as to his business arrangement with the Debtor.

8. Dr. Jolly was acting as a consultant to the Debtor shortly before the case was filed.

9. Based on the record made at trial, the Court finds that the consulting arrangement between the Debtor and Defendant that resulted in the debt in question was made in the ordinary course of the business or financial affairs of both parties. Debtor was seeking consulting advice for its business. Defendant is in the business of consulting such entities. Further, the Court finds that payment in question was made in the ordinary course of business or financial affairs of the parties.

## Conclusions of Law

**Preference Claim**

1. "A preference is 'a transfer that enables a creditor to receive payment of a greater percentage

of his claim against the debtor than he would have received if the transfer had not been made and he had participated in the distribution of the assets of the bankrupt estate.'" *Barrett Dodge Chrysler Plymouth, Inc. v. Cranshaw (In re Issac Leaseco, Inc.)*, 389 F.3d 1205, 1209 (11th Cir. 2004) (quoting *Union Bank v. Wolas*, 502 U.S. 151, 160-61, 112 S.Ct. 527, 533, 116 L.Ed.2d 514 (1991)).

2. The trustee avoids preferences to discourage creditors from "racing to the courthouse to dismember the debtor during his slide into bankruptcy," and to "facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor." *Id*.

3. The Trustee has the burden of proving the elements of the avoidability of a transfer under subsection § 547(b). 11 U.S.C. § 547(g).

4. Based on the evidence presented at trial, the Trustee has established the elements of a preference claim by a preponderance of the evidence, for the $30,000.00 transfer.

**Ordinary Courts of Business Defense**

5. Bankruptcy Code section 547(c) provides that:

> (c) The trustee may not avoid under this section a transfer–
> * * *
> (2) to the extent that such transfer was–
> (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
> (B) mad in the ordinary course of business or financial affairs of the debtor and the transferee; and
> (C) made according to ordinary business terms;

11 U.S.C. § 547(c)(2)(2005).

6. The Defendant has the burden of proving all three elements of the ordinary course of business defense by a preponderance of the evidence. *See* 11 U.S.C. § 547(g); *see also G.H.*

*Leidenheimer Baking Co. v. Sharp (In re SGSM Acquisition Co.)*, 439 F.3d 233, 239 (5th Cir. 2006); *Jeffrey A. Compton v. Plains Mktg., LP (In re Tri-Union Development Corp.)*, 349 B.R. 145 (Bankr. S.D. Tex., Houston [1st Dist.] 2006.

7. The purpose of the ordinary course of business defense is "to leave undisturbed normal financial relations, which enables the struggling debtor to continue operating its business." *In re Issac Leaseco, Inc.*, 389 F.3d at 1210 (citations omitted).

8. The present case is somewhat different in that the payment at issue in this case was the original payment made by the Debtor under an arrangement for services made only shortly before this case was filed. However, ordinary course may be found even in a unique circumstance. According to a recent case in the Southern District of Texas,

> Other courts that have determined that a one-of-a-kind event may be ordinary have sought to determine if the 'transaction [in question] would not be out of the ordinary for a person in the borrower's position.' *In re Finn*, 909 F.2d at 908. In other words, a court 'should examine the conduct of the parties to determine whether either of them did anything unusual or extraordinary with respect to the transfer made in payment of the underlying debt.' *In re Forman Enterprises, Inc.*, 293 B.R. 848, 856 (Bankr. W.D. Pa. 2003). The burden of showing that the transfer was ordinary rests with the defendant.

*In re Tri-Union Development Corp.*, 349 B.R. at 150.

9. The payment at issue was made within the ordinary business terms of the agreement between the parties. Originally the Debtor agreed to pay the Defendant a daily rate. That arrangement was changed some time in September 2004 to be a monthly retainer. The first check, under the revised arrangement, was received by Defendant some time after September 14, 2004, and cleared the Debtor's bank account some time in the early days of October, 2004. Debtor paid by check and mailed the check to the Defendant. No evidence of coercion by Defendant

was offered by the Plaintiff. In fact, the evidence suggests otherwise, as the second bill, for October 2004, does not even suggest a past due portion owed by the Debtor.

10. Finally, the preponderance of the evidence suggests that the payment was made consistent with standards for consultants and professionals who are in the process of setting up their early arrangements with a client. Defendant sent a revised statement to Debtor and was sent a retainer payment in a couple of weeks. This is not out of the ordinary for billings and payments by consultants.

11. Any conclusion of law which is more properly deemed to be a finding of fact is to be considered a finding of fact, and any finding of fact which is more properly deemed to be a conclusion of law is to be considered a conclusion of law.

Based on the foregoing, judgment will be entered for the Defendant.

###End of Findings of Fact and Conclusions of Law###